IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL<br>INSURANCE COMPANY | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| VS. | §<br>§ | CASE NO. 4:10CV589 |
| MARK HAMRICK and<br>MARCIA HAMRICK, as<br>Next Friend of KODI HAMRICK | §<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

## MEMORANDUM OPINION AND ORDER

The Court, having heard the evidence skillfully presented at trial by both parties, finds that Plaintiff herein, Nationwide Mutual Insurance Company, should have judgment against Defendants, Mark Hamrick and Marcia Hamrick, as next friends of Kodi Hamrick. The sole issue in the case was whether Kodi Hamrick, who has now reached the age of majority, was a covered person under his father's insurance policy, particularly the Uninsured/Underinsured Motorists Coverage.

To avail himself of coverage, Kodi Hamrick would have to be a covered person under the terms of the policy. A family member is a covered person. However, the policy defines "family member" as a "person who is a resident of your household and related to you by blood, marriage or adoption." This definition includes a ward or foster child who is a resident of your household, and also includes your spouse even when not a resident of your household during a period of separation in contemplation of divorce. Since Kodi was the biological child of Mark Hamrick, the only

1

question is whether he was a resident of Mark Hamrick's household.

Insurance policies are contracts and are therefore interpreted according to the ordinary rules of contract construction. *Tanner v. Nationwide Mut. Fire Life Co.,* 289 S.W.3d 828, 831 (Tex. 2009); *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.,* 141 S.W.3d 198, 202 (Tex. 2004). The Court's primary concern is to ascertain the parties' intent as reflected in the terms of the policy itself. *Utica Nat'l Ins. Co.*, 141 S.W.3d at 202; *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 133 (Tex. 1994). If policy language is worded so that it can be given a definite or certain legal meaning, it is not ambiguous and will be construed as a matter of law. *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157 (Tex. 2003); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex. 1995). A contract is ambiguous if the contract language is susceptible to two or more reasonable interpretations. *Schaefer,* 124 S.W.3d at 157 (citing *Kelly-Coppedge, Inc. v. Highlands Ins. Co.,* 980 S.W.2d 462, 465 (Tex. 1998)). Whether a contract is ambiguous is itself a question of law. *Kelley-Coppedge, Inc.,* 980 S.W.2d at 464.

Neither party contends that the policy was ambiguous. Moreover, the Texas Department of Insurance (formerly the State Board of Insurance) is charged with adopting standard policy forms to be used by motor vehicle insurers. *See* TEX. INS. CODE § 5.06(1). With certain exceptions inapplicable to this case, insurers can only use a policy form adopted by the Texas Department of Insurance. *Id.* at art. 5.06(2); *see also Progressive County Mut. Ins. Co. v. Sink,* 107 S.W.3d 547, 550 (Tex. 2003); *Urrutia v. Decker,* 992 S.W.2d 440, 443 (Tex. 1999) (citing *Springfield v. Aetna Cas. & Sur. Ins. Co.,* 620 S.W.2d 557, 558 (Tex. 1981)).

In general, Texas cases determining residency have relied on the child's relationship to the household, the nature of the child's stay in the home, and the intent of the parties. *See Easter v. Providence Lloyds Ins. Co.*, 17 S.W.3d 788 (Tex. App.- Austin 2000, no writ). In regard to minor children, there is authority that one residence does not preclude a finding of another residence. *See Hartford Cas. Ins. Co. v. Phillips*, 575 S.W. 2d 62 (Tex. Civ. App.- Texarkana 1978, no writ). In other words, the child can have two residences. As a general rule, the focus of the inquiry is on the intent of the non-insured person for whom coverage is sought: whether or not that individual intended his or her departure from the residence of the insured to be permanent or temporary. If the child intends to return, the departure is only temporary and the child remains a covered person. *See Cicciarella v. Amica Mut. Ins. Co*., 66 F.3d 764 (5th Cir. 1995).

Kodi lived with his mother after his parents' divorce. The family court awarded his mother the sole managing conservatorship. Kodi attended schools in the Quitman and Mineola areas. He would visit his father on certain holidays and possibly a few weekends throughout the year.

Kodi's father, Mark Hamrick, lived with his sister but had a separate bedroom. Kodi stayed in his father's room or in another part of the house when he visited. He also kept a few clothes and games at the house where Mark lived. However, in determining the intent to reside, the Court looks to the intent of Kodi. He testified more than once that he did not intend to permanently stay with his father. He listed his mother's address as his address and testified that he would visit his father primarily in the summers.

Mark testified that in the 2009 time frame, he drove a truck for about a month to a month and a half on and would then have three to four days off. He could not give an estimate of how often Kodi would stay with him. The long and short of all this is that Kodi would visit his father from time to time when Mark was not on the road driving.

However, the Court believes that Kodi had no intent to reside in his aunt's household with his dad. This is evidenced by Kodi's own testimony, as well as the nature of the living arrangement Mark had with his sister and the sporadic visits Kodi paid to his father.

This takes nothing away from the relationship the two had. All the evidence demonstrates that Mark is hard working, loves his family, and is a good father. Putting that aside, Kodi did not reside in the same household as Mark.

As such, judgment shall be granted for Plaintiff Nationwide Mutual Insurance Company in all respects. ***Within 10 days of the date of this Order, Plaintiff shall submit a proposed final judgment for the Court's consideration and entry.***

    **SO ORDERED.**

    **SIGNED this 26th day of October, 2011.**

    */s/ Don D. Bush*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE